Vernon S. **BODDICKER**, Richard W. **Peay**, Hugh L. **Thompson**, and Dwight G. **Hudson**, Plaintiffs-Appellants,

v.

**ARIZONA STATE DENTAL ASSOCIATION**, an Arizona Non-Profit Corporation; **Central Arizona Dental Society**, an Arizona Non-Profit Corporation; and **American Dental Association**, an Illinois Non-Profit Corporation, Defendants-Appellees.

No. 80–5730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1982.

Decided March 24, 1982.

Certiorari Denied Oct. 4, 1982.

See 103 S.Ct. 83.

Carl W. Divelbiss, Phoenix, Ariz., Erhard, Cox & Ruebel, P.C., Dallas, Tex., for plaintiffs-appellants.

Peter M. Sfikas, Chicago, Ill., David L. White, Jennings, Strouss & Salmon, Phoenix, Ariz., argued, for defendants-appellees; Peterson, Ross, Schloerb & Seidel, Chicago, Ill., on brief.

Before PREGERSON and FERGUSON, Circuit Judges, and ORRICK,* District Judge.

* Honorable William H. Orrick, Jr., United States District Judge for the Northern District of Cali-

PREGERSON, Circuit Judge:

Appellants, plaintiffs below, challenged the membership links between the defendant organizations on antitrust grounds. Trial was to the court, and after appellants had presented their case, the court granted appellees' motion to dismiss pursuant to Fed.R.Civ.P. 41(b) and entered judgment against appellants. We affirm.

■ (I) The district court rejected appellants' contention that the membership links between the defendant organizations constituted a per se illegal tying arrangement. This conclusion was correct. First of all, since appellants themselves admit that the American Dental Association ["ADA"] is a unique organization to which no other is comparable, there would appear to be no market in the "tied product"—ADA memberships—for the challenged membership requirements to restrain. *Cf. Community Builders, Inc. v. City of Phoenix*, 652 F.2d 823, 830 (9th Cir. 1981) (municipality's conditioning building permit on water hookup not a tying arrangement, because no competitive market for water services existed). Secondly, the relationship of the defendant organizations strongly suggests that membership in the local and state groups cannot be characterized as a product or service distinct from ADA membership. Finally, even if ADA membership *is* a product distinct from membership in the ADA's constituent and component societies, the latter derive no economic benefit from sales of ADA memberships, the alleged "tied product," so that no per se illegal tying arrangement can be found. *Moore v. Jas. H. Matthews & Co.*, 550 F.2d 1207, 1216 (9th Cir. 1977).

■ (II) The district court found that appellants failed to carry their burden of proving by preponderance of the evidence that the challenged rules suppress competition between dentists—a burden which this court, in reversing an earlier summary judgment for defendants, held that appel-

fornia, sitting by designation.

lants would have to satisfy. *Boddicker v. Arizona State Dental Association*, 549 F.2d 626, 632 & n.11 (9th Cir. 1977). That finding was not clearly erroneous. Appellants have presented no arguments to demonstrate any adverse effect on competition between dentists from the challenged rules.

■ (III) Finally, the district court did not err in finding that the defendant organizations have not monopolized the practice of dentistry in Arizona. These organizations do not engage in the practice of dentistry, nor is membership in them a precondition for an Arizona dental license.

AFFIRMED.